# CHARLESTON.

## SEABRIGHT v. SEABRIGHT.

*(GREEN, JUDGE, Absent.)

Submitted September 7, 1889—Decided November 9, 1889.

1. RES JUDICATA—DECREE OF COURT OF APPEALS.

Where a question of law or fact is once definitely settled and determined by a decree of this Court, and the cause is remanded for further proceedings, a party to said suit can not by subsequent pleadings call in question the conclusiveness of the questions determined by said decree.

2. RES JUDICATA.

Where the question raised by a bill in equity is as to whether certain bonds and notes therein described are part of the estate of a decedent, or have been disposed of by him by assignment and delivery, as a gift to two of his brothers, and said property has by a decree of this Court been determined to belong to the estate of said decedent, said decision is binding and conclusive upon all of the distributees of said estate.

*Ewing, Melvin & Riley* and *B. B. Dovener* for appellant.

*H. M. Russell* for appellee, Louisa Nolte.

ENGLISH, JUDGE :

This suit is a continuation of the suit of Louisa Seabright against Charles Seabright and others, which was brought in the Circuit Court of Ohio county, and the bill filed at July rules, 1876, for the purpose of compelling Charles W. Seabright, the executor of Louis Seabright, who died in February, 1873, to account for certain bonds and notes, as part of the estate of said Louis Seabright. The plaintiff, Louisa Seabright, appears to have been the widow of said Louis Seabright; she having been his second wife. After having made his last will and testament, in which he made some small bequests, he gave the residue of his property to Henry Seabright, Charles W. Seabright, and Louisa Nolte, and shortly before his death wrote upon the back of a number of

*On account of illness.

notes and bonds assignments of the same to Charles W. Seabright and Henry Seabright; which bonds and notes amounted to more than $22,000.00, and comprise nearly the whole of his personal estate, and were treated by said Charles W. and Henry Seabright, after the death of said Louis, as their own individual property.

At the time of the institution of said suit by said Louisa, said Henry Seabright had departed this life, and his widow, Mena Seabright, had qualified as his executrix, and as such was made a party; and the said plaintiff alleged that said Charles W. Seabright had received from said Louis Seabright, and had in his possession, all of the said notes, or, without authority of law, had distributed them in some proportion to said Henry Seabright himself, Louisa Nolte, and William Juergens, his brothers and sisters; and that at the time of the filing of said bill the same amounted to $30,000.00; and she prayed that the said Charles W. Seabright, as executor of the estate of said Louis Seabright, might be compelled to account for said $30.000.00 thus received or distributed, and that she might receive one third of the same, and that the accounts of the said executor be surcharged and falsified in respect to said $30,000.00. And when the pleadings were made up almost the entire controversy in the cause arose upon the question as to whether said bonds and notes were assigned and delivered by said Louis Seabright to Charles W. Seabright and Henry Seabright, as a gift to them, or whether said bonds and notes formed and constituted a part of the personal estate of said Louis Seabright in the hands of his executor. In said cause the matters in controversy were referred to a commissioner, and a large number of depositions taken, and the court, in the final decree rendered therein, "found that the notes mentioned and described in the amended bill of complaint (which were the notes and bonds above referred to) were not a part of the estate of Louis Seabright, deceased, at the time of his death, but before that time had been delivered to the defendant C. W. Seabright, by the said Louis Seabright, in his lifetime, as a gift to the said C. W. Seabright and Henry Seabright."

From that decree the plaintiff, Louisa Seabright, applied for and obtained an appeal to this Court, which appeal was

decided at the September term, 1886; and a report of said decision may be found in 28 W. Va. 412, in which the questions arising in the cause were elaborately discussed by Judge GREEN, who delivered the opinion of the Court. And in concluding said opinion, after reversing said decree of the Circuit Court of Ohio county, this Court, proceeding to render such decree in said cause as the Circuit Court of Ohio connty should have rendered, adjudged that the bonds and notes mentioned and described in the bill, amended bill, and commissioner's report in this cause were a part of the estate of Louis Seabright, deceased, at the time of his death, and never had been before that time delivered to the defendant Charles W. Seabright by said Louis Seabright, as a gift to the said Charles W. Seabright and Henry Seabright; and the cause was remanded to the Circuit Court of Ohio county, with instructions to refer the cause to a commissioner, to settle the account of Charles W. Seabright, as executor of Louis Seabright, etc.

After said cause was reversed and remanded to the Circuit Court of Ohio county, with directions as to further procedure, counsel for Louisa Nolte seem to have been acting under a misapprehension as to what had really been decided by this Court in the cause; and the appellant has erroneously proceeded upon the theory that either he or Louisa Nolte was not a party at the time the former decree of this Court was rendered, and that, therefore, that decree was not conclusive as between him and her.

It is true that Louisa Nolte, by her answer filed in said suit, admitted that Louis Seabright indorsed, delivered, and assigned all his right, title, and interest in said bonds and notes to Henry Seabright and the defendant Charles W. Seabright, stating that it was his intention to make the same a gift to them, without reservation or condition; but this Court, by its decree, ascertained and determined that said admission was not true, but that said bonds and notes were a part of the estate of Louis Seabright at the time of his death. This was a decree based upon the pleadings and proofs between the plaintiff, Louisa Seabright, and the defendants, and the plaintiff prevailed; and although, so far as the pleadings disclosed, there was no contention between

the co-defendants Louisa Nolte and Charles W. Seabright, yet the decision was binding upon them both, and, as to the questions thereby determined, must be regarded as *res adjudicata.*

In the case of *McCoy* v. *McCoy,* 29 W. Va. 795, this Court held as follows: "If it appears by the record that the point in controversy was necessarily decided in the first suit, whether upon the law, on demurrer, or upon the facts in issue, it can not be again considered in any subsequent suit between any of the parties or their privies," *etc.* Such being the case, we must regard all of the pleadings and evidence in this cause, subsequent to the mandate of this Court being entered in said Circuit Court, so far as they attempt to ignore or vary the rights of the parties to said suit, as found by that decree, wholly immaterial and irrelevant. The matter was conclusively settled by the decree of this Court, and all that remained to be done was to refer the cause to a commissioner, so that the unadministered assets, including said bonds and notes, as part thereof, might be ascertained and properly disbursed.

This view of the case disposes of all of the errors assigned by the appellant in regard to the rulings of the Circuit Court, subsequent to the entering of the mandate of this Court in the Circuit Court of Ohio county, as well as upon the exceptions to the commissioner's report.

The decree complained of must must be affirmed, and the appellant must pay the costs of this appeal.

AFFIRMED.