# CHARLESTON.

McConnell *et al.* v. Rowland *et al.*

Decided November 24, 1900.

1. **Cancellation of Deed—*Estoppel—Equity.***

   Where a deed is executed and placed in the hands of depositary to be held subject to the joint order of the grantor and grantee, and the grantee has possession of the property by its agent, who surreptitiously obtains such deed and places it on record, and then conveys the property to an innocent holder for value, and places him in possession thereof, and a period of seven months is permitted to elapse before the original grantor makes inquiry about the deed or property, and then permits the fraudulent agent to escape without arrest, a court of equity will refuse to cancel such deed and restore the property to such grantor, but will hold him estopped from setting up title to such property as against the innocent purchaser. (p. 277).

2. **Innocent Parties—*Who Entitled to Relief.***

   As between persons equally innocent of wrongdoing, he whose neglect, default, or conduct was the occasion of loss must bear it; and equity will not relieve him of it, and place the burden on the other innocent party, guiltless of fraud. (p. 278). ·

Appeal from Circuit Court, Wood County.

Bill by Abraham McConnell and another against George W. Rowland and others. Decree for defendants, and plaintiffs appeal.

*Affirmed.*

T. A. Brown and J. T. Piggott, for appellants.

Smith D. Turner, for appellees.

DENT, JUDGE:

Abraham McConnell and Marietta McConnell appeal from a decree of the circuit court of Wood County dismissing a bill filed by them against George W. Rowland, *et al.*

The facts are as follows: The plaintiffs made a deed for a certain house and lot situated in Parkersburg, to the Parkersburg Land and Loan Company in consideration of one hundred and forty dollars paid, and the further consideration of a deed for five certain lots. These lots not being clear of incumbrance plaintiffs refused to deliver their deed, but on agreement with Howard G. Cole, the agent of the company, the deeds were placed in the care of W. E. Kemery, who refused to be responsible for them until they were called for by the parties jointly. Cole surreptitiously obtained possession of plaintiff's deed, placed the same on record, and then sold and transferred the property to the defendant George W. Rowland, an innocent purchaser for value. Cole had possession of the property and turned it over to Rowland.

It is insisted that the plaintiffs not having possession of the property cannot maintain this suit according to the holding of this Court in the cases of *Christian* v. *Vance,* 41 W. Va. 754, and *Moore* v. *McNutt,* 41 W. Va. 695. If the sole ground of equity is to remove a cloud on the title as between two adverse claimants, the suit cannot be maintained by a plaintiff out of possession. *Davis* v. *Settle et al.,* 43 W. Va. 17. But in cases of fraud equity takes jurisdiction, although the relief sought is the removal of a cloud on title without regard to possession. *Alexander* v. *Davis,* 42 W. Va. 465; *Hoopes* v. *Devaughn et al.,* 43 W. Va. 477. This is such a case. The deed having been virtually stolen and placed on record, and equity has jurisdiction to cancel it and place the parties in *statu quo.* The only real question presented by this case is whether the plaintiffs were guilty of such *laches* or negligence as prevents them from recovering their property. The settled rule is that a deed delivered without the knowledge, consent or acquiescence of the grantor, or stolen, is no more effectual to pass title to the grantee than if it were a total forgery, although the instrument may be spread upon the record and innocent purchasers are not protected thereby. 2d Ed. Am. & En. En. Law, Vol. 9, 155; *Henry et al* v. *Carson,* 96 Ind. 422; *Fisher* v. *Beckwith,* 30 Wis. 55. If the gran-

tors had retained possession 'of the property there would be no difficulty in this case, but they parted with the possession to the grantee, who retained it until the sale to Rowland who was then placed in possession. The plaintiffs' deed is dated 2d March, 1895, and was recorded the 19th March, 1895. Rowland's deed is dated the 16th March, 1895, and recorded the 27th March, 1895. Plaintiffs neglected to look after either their property or deed until the 14th Septermer, 1895, when they learned that it was on record and the property transferred and in the possession of Rowland, his tenant or grantee. Then they tried to have Cole fix the matter up, but he by promises, secured a short extension of time, silently stole away to parts unknown. Here then we have two innocent parties before this Court. One of them must lose his property, and equity places the loss on the one whose negligence is the cause thereof. Rowland so far as the record shows was guilty of no careless act. His grantor had control of the property and had a deed therefor on record. Invested with possession and title, why should he not purchase? On the other hand, the plaintiffs made no inquiry about their property or deed for nearly seven months. Had they diligently looked after their property they would have found it in possession of Rowland and could have warned him in all probability in time to have saved himself, and had they looked after their deed, they would have found it on record. It shows a clear case of misplaced confidence on their part, for which like many others in this wicked world, they must bear the loss. Their deed was stolen, but they willingly yielded up possession of their property. A case precisely in point is that of *Quick* v. *Milligan,* 101 Ind. 419, wherein it is held "that where the two great elements of ownership, a deed and possession, are united in one person a *bona-fide* purchaser will be protected, although the person to whom the deed was entrusted to be delivered on the performance of a condition may have delivered the deed in violation of his duty." In the present case it is true the deed was not delivered by the depository, but he refused to be responsible for its safekeeping, and was not informed of the purposes for which it was left in his care nor was he directed not to let the grantee examine it at any time it might wish to do so. He was not warned against the grantee or its agent. Hence, the agent easily obtained possession thereof and placed it on record and already having possession of the property was thereby enabled

to obtain an innocent purchaser therefor, and the plaintiffs took no pains to look after the matter for a long period of time, and then instead of having the wrong doer promptly arrested afforded him an opportunity to flee from the country. "The vital principle is that he who by his language or conduct leads another to do what he would not otherwise have done shall not subject s·ch person to loss or injury by disappointing the expectations upon which he acted. *Dickerson* v. *Colgrove*, 100 U. S. 578; Herman on Estopel, 931; *Pitcher* v. *Dove*, 99 Ind. 175; *Haven* v. *Kramer*, 41 Iowa 382; *Blight* v. *Schenck*, 10 Penn. St. 285.

Where one of two innocent persons must suffer, he through whose fault the loss occurred must sustain it. *Norfolk & Western R. R. Co.* v. *Perdue*, 40 W. Va. 422.

For the foregoing reasons the decree complained of is affirmed.

*Affirmed.*