# CHARLESTON.

### LENHART *v.* ZENTS *et al.*

Submitted June 12, 1901.   Decided November 16, 1901.

PURCHASE MONEY—*Assignment—Creditors.*

> L. conveyed to Z. fifty acres of land and reserved his vendor's lien thereon for eight hundred and fifty dollars of the purchase money, L. removed to the state of Missouri leaving the purchase notes with C., his father-in-law, to receive the money as the notes fell due to be sent to L. Z. without placing his deed on record executed a general assignment to W. trustee on all his property including the fifty acres, to secure his creditors naming them and the amounts of their debts respectively, but not mentioning L. or the purchase money due him on the land. W. the trustee, advertised the property for sale under the trust deed, including the "legal and equitable interest" of Z. in said fifty acres described in said advertisement as "conveyed to said Zents by W. L. Lenhart and wife by deed dated May 20, 1893, retaining a lien for the deferred purchase money due thereon." The fifty acres was purchased at the sale by F., C. being present

at the sale. W. filed his bill invoking the assistance of the court to distribute the proceeds of the trust sale, making the creditors of Z. except L. parties defendant, the cause was referred to a commissioner to ascertain and report the true amount due to each of creditors of Z. mentioned in the deed of trust also the amount of the debts of any other creditors of Z. W. procured from C. the possession of the purchase notes left by L. for the purpose of getting data for a settlement as trustee, and without authority therefor laid them before the commissioner, claiming that he was attorney for L. and proved them as a general debt against Z., they were so allowed by the commissioner, without the knowledge or consent of L. or of C. and the report of commissioner was confirmed of which neither L. nor C. had knowledge or notice. L. brought suit to enforce his vendor's lien against the fifty acres of land. *Held*: he was entitled to so enforce it. (p. 92).

Appeal from Circuit Court, Preston County.

Bill by W. L. Lenhart against G. W. Zents and others. Decree for complainant, and defendant Forman appeals.

*Affirmed.*

P. J. CROGAN, for appellant.

NEIL J. FORTNEY, for appellees.

MCWHORTER, JUDGE:

On the 20th day of May, 1893, William L. Lenhart and Lou Lenhart, his wife, conveyed to G. W. Zents a tract of about fifty acres of land in Preston County, in consideration of nine hundred dollars of which fifty dollars was paid and Zents gave his four notes, one of two hundred and fifty dollars to be paid March 1, 1894, two hundred dollars to be paid September 1, 1894, two hundred dollars to be paid March 1, 1895, and two hundred dollars to be paid September 1, 1895, and reserved in said deed his vendor's lien to secure the payment of said notes. Zents failed to put his said deed on record. Shortly afterward the grantor removed with his family to Missouri and left the purchase notes with his father-in-law B. A. Conner. On the 6th day of March, 1894, George W. Zents and his wife made a general assignment by deed of trust to D. M. Wotring as trustee for the benefit of his creditors purporting to convey the real estate and personal property of the grantors, conveying among other property, "also all the legal and equitable interest of said

grantors in and to a tract of about fifty acres of land adjoining the tract first above mentioned and which was conveyed to said grantors by William Lenhart and wife by deed dated the 20th day of May, 1893, and which is not yet of record." While the names of the creditors and amount due each are given, William Lenhart his grantor is not mentioned among the creditors of Zents in said deed. The trustee D. M. Wotring advertised the various tracts of land mentioned in the deed of trust to be sold thereunder on the 29th day of December, 1894, and in said advertisement mentioned and described the said fifty acres as follows: "also all legal and equitable interest of the said George W. Zents in and to a tract of about fifty acres of land adjoining said last two mentioned lots, and which was conveyed to said Zents by W. L. Lenhart and wife by deed dated May 20, 1893, retaining a lien for the deferred purchase money due thereon." Said trustee made sale of said fifty acre tract to Ezra Forman for the sum of six hundred and sixty-five dollars and conveyed the same to said Forman by deed dated 9th day of December, 1896. Wotring the trustee, claiming that he was unable to properly disburse the proceeds of the sales he had made without the aid of the court, filed his bill in the circuit court of Preston County making the creditors mentioned in the deed of trust parties thereto and praying that the cause might be referred to a commissioner with directions to take proof of the claims of all such trust creditors as well as of any creditors of the said Zents not named or secured in said trust who might present them and with further directions to ascertain and report the amount of the various claims mentioned in said trust and all other claims presented and proven before him as against said Zents at the time of executing said trust. The cause was referred to a commissioner and the purchase notes due from Zents to Lenhart were presented by said Wotring to the commissioner and by him allowed as a claim to be paid *pro rata* with all other claims reported. The report of the commissioner was confirmed by the court after sustaining certain exceptions but which exceptions do not appear in the record but have no reference to the claims of Lenhart.

At the June rules 1897 W. L. Lenhart filed his bill in the circuit court of Preston County against G. W. Zents, Mary F. Zents, Ezra Forman, D. M. Wotring trustee, and others to enforce his vendor's lien for the unpaid purchase money against

said Zents alleging the sale of the fifty acres to Zents, the delivery of the deed and the possession of the land to him, and the fact that for some reason unknown to plaintiff Zents had not placed on record the deed; that soon after the execution of the deed to Zents plaintiff removed to the state of Missouri and left the purchase money notes with his father-in-law B. A. Conner for collection when they should become due; that he had no knowledge of the execution by Zents of the deed of trust purporting to be a general assignment nor any knowledge of the sale under said deed of trust nor of execution of the deed by Wotring trustee to Forman; that he never directly or indirectly abandoned, relinquished or waived the lien for the purchase money he reserved in his deed to Zents or authorized anyone to do so for him; alleging that D. M. Wotring, after the sale of the Zents property and after it was understood by the creditors that a considerable portion of the proceeds of sale had been collected and in his hands as such trustee, asked said Conner to send said notes to him so that he could ascertain what amount to pay on them out of the funds then collected and for that purpose alone said Conner sent the three last purchase notes to Wotring; that said Conner, when the first purchase note fell due, brought suit before a justice for the amount of the note, which judgment was recorded in the judgment lien docket in the clerk's office of said county; that on or about the 30th of December, 1895, plaintiff received from his brother two hundred dollars which he was informed was a payment on said notes and about the 8th of August, 1896, he received through his counsel Neil J. Fortney a check for twenty-six dollars and fifty cents which he was advised was a further collection from said Wotring as trustee to be applied as a credit on said notes which were all the payments that had been made on said notes and that the notes were all due. And alleging that the other defendants named each had judgments against Zents which were docketed in the judgment lien docket in said clerk's office and alleged they had all been paid off and prayed that the defendant Zents or Wotring whichever might be possessed of the deed from plaintiff to Zents should be required to file the same with the papers in the cause and that the plaintiff have a decree to sell the fifty acres to satisfy his said purchase money. The defendant Forman filed his answer to said bill admitting the purchase by himself of the fifty acres at the said trustee's sale averring that he knew nothing at the time

of his purchase from the trustee of the lien of plaintiff as no deed containing such lien was on record from Lenhart to Zents; that if plaintiff had such deed he had lost and waived the benefit of it and was estopped from setting up the same against defendant's title to the said land for the reason that when plaintiff left West Virginia and went to the state of Missouri he left his purchase notes which he held against Zents with his father-in-law B. A. Conner with full authority to collect said notes; to take such steps as might in law and equity be necessary to collect the same, to take judgment on the same and to employ counsel to look after the matter for plaintiff; that said Conner with such authority for acting for and on behalf of the plaintiff stood by and heard the bidding on the land by respondent and others who were competing with him and saw and heard the said land knocked off to said respondent at the price of six hundred and sixty-five dollars and made no objection to said sale and was and remained silent and permitted the defendant to buy the land and claimed no interest or lien in or on the same on behalf of plaintiff and ever since until respondent had paid the entire amount of said purchase money the said Conner as agent of Lenhart and said Lenhart remained and were silent and never until they instituted this suit did they claim that said Lenhart had any claim or lien upon said land or any interest in the same; that if respondent had known of a prior lien or that the trustee had no authority to sell he would not have so purchased and paid for the land. Then avers the fact of the suit by Wotring and its reference to commissioner and the proof of the claim of Lenhart before the commissioner; averring that out of the proceeds of sale of the property of Zents by the trustee said Wotring received a sufficient amount to pay off all the indebtedness of Zents including the indebtedness of plaintiff and that Wotring as attorney for plaintiff had then in his hands the full amount of money due plaintiff on his said purchase notes, that the same was received by Wotring as trustee and as attorney for plaintiff with the knowledge and consent of said plaintiff and his agent, the said Conner and prayed that the lien pretended to be so held by the plaintiff be cancelled so far as the land was concerned. Plaintiff replied generally to said answer. Depositions were taken by both plaintiff and defendant Forman and the cause was heard on the 19th of December, 1898, when the court found the issues

for the plaintiff and entered a decree for the residue of his purchase money including interest and for sale of the land to satisfy the vendor's lien on failure to pay the money in the time mentioned in the decree. From which decree the defendant Forman appealed and assigns the following errors: "1st. The plaintiff was estopped because his agent stood by and saw petitioner buy the land without making known his rights. 2d. He was estopped because his attorney acted for him and received the money. 3rd. Because the trustee alone under the circumstances was liable. 4th. Because the plaintiff by presenting his claim before the commissioner and having it allowed *pro rata,* can not now be heard to claim priority of lien."

It will be observed that the whole defense is based on the doctrine of estoppel because of the acts of the plaintiff, his agent B. A. Conner, and his alleged attorney Wotring. B. A. Conner the father-in-law of plaintiff was present when the sale of the land was made by trustee Wotring to defendant Forman, but said nothing, did nothing to induce Foreman to buy the land, he gave no assurances, no inquiry was made of him by Forman concerning the lien or the title; plaintiff had done all he could and all the statute required of him to secure the deferred payments of purchase money he had reserved in the deed he made to Zents his vendor's lien on the land and delivered the deed to Zents whose duty it was to have it recorded, this he failed to do from some cause not known to plaintiff. The want of such recordation was notice to Forman of defect in the title which should have put him upon inquiry. And the public advertisement of the sale by trustee Wotring in response to which defendant was present bidding on the property, stated the fact that the fifty acres for sale "was conveyed to said Zents by W. L. Lenhart and wife by deed dated May 20, 1893, retaining a lien for the deferred purchase money due thereon."

This brought to the knowledge of Forman not only the fact of the existence of the deed from Lenhart to Zents but notice of the vendor's lien retained therein. In *Coles* v. *Withers,* 33 Grat. 186, (191) it is said, "When a person cannot obtain a title but by a deed which leads to another fact, whether, by description, recital or otherwise, he will be deemed cognizant of such fact. And for the same reason, if the *purchaser has notice of a deed, he is presumed to have notice of the entire contents of the deed."* The purchaser Forman had ample warning that the title was

defective in Zents, indeed the record failed to show that he had any title whatever except the reference in the deed of trust made by Zents to Wotring which referred to the deed from Lenhart and wife to himself. The defendant should hardly be permitted to hold the plaintiff responsible for his own failure to inquire into the title of the property he was proposing to purchase.

The deed of trust under which the sale was being made entirely ignored the plaintiff as a creditor and did not mention his lien. Lenhart was absent at his new home in the state of Missouri relying as he had a right to do on the lien he had reserved in his deed to Zents to secure him in his purchase money, he was not made a party to the suit brought by Wotring seeking the assistance of the court in the distribution of the proceeds of the sale made by him as trustee and had no knowledge of the suit or proceedings therein and the evidence shows that B. A. Conner knew nothing of the pendency of that suit, and at the time of taking his deposition in this cause on the 17th of August, 1897, he stated, "I never knew that he (Wotring) had brought suit to put those notes in until here very recently" and did not know the case was before N. J. Fortney as commissioner. It is true D. M. Wotring claims to have been employed as attorney for plaintiff and that in pursuance of such employment he presented the notes and proved them before commissioner Fortney in the suit and had them reported as a debt to share in the general distribution of the proceeds of the sale made by him, but this is positively contradicted by both the plaintiff and Conner, neither of whom had any knowledge of the suit. It is clear from the whole evidence in the case that Wotring was never employed as attorney for plaintiff by himself or by B. A. Conner, from whom he got possession of the notes, not for the purpose of looking after them as attorney but simply to get data from them that he might make settlement as trustee, and was in no way authorized and had no right to lay them before the commissioner Fortney and prove them as a debt to be provided for in the distribution of the funds arising from the sale made by Wotring trustee.

In his testimony Wotring claims to have been employed as attorney to take charge of the claims of several of the other creditors of Zents but is flatly contradicted by every one of them showing that he had no connection with the claims of any of

them further than his relation of trustee. Under the circumstances of the case the manner of Wotring's obtaining possession of the notes and his proving them before the commissioner without authority to do so was a fraud upon the rights of the plaintiff.

The defendant in his answer says that when he made the purchase of the land, by the silence, acts, and conduct of plaintiff he was led to believe that Wotring was authorized to sell said land, that plaintiff had no lien on the same and that he was induced by the silence of plaintiff and of his agent to buy and pay for the land innocently believing from the acts and conduct and silence of plaintiff and his agent that he would be safe and protected in his said purchase, but he fails to testify in the cause to show in what the acts and conduct of the plaintiff and his agent consisted which misled or induced him to make the purchase. Defendant says a great moral wrong was committed on the part of Lenhart which a court of equity will not uphold and cites *Stone* v. *Tyree,* 30 W. Va. 687; *Bates* v. *Swiger,* 40 W. Va. 420; and *R. R. Co.* v. *Perdue, Id.* 442. Forman cannot say that he was in fact ignorant of Lenhart's lien without convicting himself of the grossest negligence in looking up the title he was purchasing. The conduct of Conner whatever his power and authority to act for Lenhart, was not such as to bring him within the reasons given by the court for its conclusion in the case of *Stone* v. *Tyree* cited, as there is nothing in the record showing that either he or Lenhart had anything to do in bringing about the sale under the deed of trust or in any manner whatever to place themselves in the position regarding the title and sale that the parties in that case did, nor yet within the purview of the said case of *Bates* v. *Swiger* or *R. R. Co.* v. *Perdue,* for neither Lenhart nor Conner by words or conduct intentionally or otherwise caused defendant to believe that the trustee had a right to sell the land, nor did they or either of them make any representation to lead defendant to believe that Lenhart had no lien or charge upon the land, nor can plaintiff be brought within the rule laid down in the *Perdue Case* cited, syl. 3, "When one of two innocent persons—that is, persons, each guiltless of an intentional moral wrong—must suffer a loss, it must be borne by that one of them who by his conduct, acts or omissions has rendered the injury possible." It is true a decision of this case is bound to work a hardship, whether the loss is made to fall upon the one

or the other, evidently no intentional wrong was intended by either party against the other, but the defendant in failing before purchase to inquire into the title he was purchasing, when no title appeared on record in favor of Zents, with the notice in the advertisement of sale by the trustee Wotring that the land was conveyed to Zents by Lenhart by deed dated May 20, 1893, which retained a lien for the deferred purchase money due thereon, is guilty of *laches* to a degree quite unaccountable. I see no error in the decree and it is affirmed with costs and damages against appellant Forman.

*Affirmed.*