# CHARLESTON.

E. W. SYDENSTRICKER *et als. v.* FRANK A. TYLER

(No. 6575)

Submitted January 15, 1930.   Decided January 21, 1930.
(Rehearing denied February 26, 1930).

*Jarret & Wilson* for E. W. Sydenstricker and Jno. B. Sydenstricker, appellants.

*Walton & Walton* and *Price, Smith & Spilman,* for appellee.

LIVELY, PRESIDENT:

In October, 1926, the defendant in this suit, F. A. Tyler, instituted an action at law by notice of motion for judgment against E. W. Sydenstricker, J. B. Sydenstricker, and T. A. Sydenstricker, seeking to recover a judgment against them on a negotiable promissory note dated April 28, 1926, in the principal sum of $5,000.00, executed by E. W. Sydenstricker as maker, payable four months after date, at the Bank of

Lewisburg, to J. B. Sydenstricker, and endorsed by J. B. Sydenstricker and T. A. Sydenstricker. By agreement the proceedings were continued until the January Term 1927, at which term the defendants therein filed their bill in equity by which they sought to obtain a permanent injunction against the prosecution of such law action and other general relief. The defendant demurred. The court overruled the demurrer and then awarded a temporary injunction, notice of application therefor having been given. The defendant later filed his answer and cross-bill, bringing in the Bank of Lewisburg as an additional party. The Bank of Lewisburg demurred, which demurrer was sustained and the court dismissed the Bank of Lewisburg from the suit. Plaintiffs answered jointly to the defendant's cross-bill; depositions were taken; the court dismissed plaintiff's bill of complaint as to E. W. Sydenstricker and J. B. Sydenstricker, the present petitioners, and dissolved the temporary injunction; but perpetuated the injunction as to T. A. Sydenstricker. From that decree, May 17, 1929, the petitioners appeal.

Plaintiffs rely upon the following errors for reversal, viz:

First: The Court erred under the evidence in dismissing plaintiffs' bill, and in dissolving the temporary injunction theretofore awarded them.

Second: The Court erred under the evidence in not awarding to plaintiffs, E. W. Sydenstricker and J. B. Sydenstricker, a decree against the defendant, Frank A. Tyler, perpetually enjoining him from further prosecuting his law action on the note of April 28, 1926, and from prosecuting any other action at law or otherwise upon said note, and in failing to decree cancellation of the said note for the fraud by which it was secured, and for its total want of consideration: in short, in not granting the relief prayed for in their bill.

Appellee assigns as cross error the failure of the circuit court to render judgment on the note of April 28, 1926, against E. W. Sydenstricker and J. B. Sydenstricker.

The facts are substantially these: In 1918, E. W. Sydenstricker was a farmer and live stock dealer, residing in Greenbrier county, West Virginia; Dr. F. A. Tyler was a minister of the gospel residing in the State of Virginia; and W. E.

Nelson was cashier of The Bank of Lewisburg, at Lewisburg, West Virginia.

On June 20, 1918, the Bank of Lewisburg (hereinafter called the Bank) had in its possession $5,000.00 belonging to Tyler, which had been paid to it in discharge of a note of a Mr. Caldwell, the proceeds of which belonged to Tyler in some way not explained. On that day (June 20, 1918) E. W. Sydenstricker, who was indebted to the Bank on a note, executed a renewal note in the amount of $5,000.00, payable in sixty days to J. B. Sydenstricker, his brother, who endorsed it, and it was delivered to the Bank. By letter, bearing date June 21, 1918, Nelson, cashier, informed Tyler that he had that day taken the liberty of again lending the principal sum of $5,000.00 (collected from Caldwell) on the paper of E. W. Sydenstricker. Tyler accepted this investment. It does not appear that there was ever any formal sale and transfer of the Sydenstricker note to Tyler, as the purchaser, endorsed thereon; but this note was entered to the credit of Mrs. M. L. Tyler, the wife of Dr. Tyler, on the collection register of the Bank. On August 29, 1918, ten days after the note became due, it was stamped "paid", and the amount thereof was charged to E. W. Sydenstricker's account at the Bank. The note so stamped was delivered to the maker. The evidence does not tell what disposition was made of the $5,000.00 payment. The Bank's records do not show that the defendant Tyler or his wife was ever accredited with the $5,000.00 charged to E. W. Sydenstricker on August 29, 1918. Tyler had no knowledge that the note had been paid; on the contrary, he was left ignorant of the fact through a series of letters passing between Nelson, as cashier of the Bank, and Tyler in which Nelson pretended that the note was regularly renewed, and in which Nelson enclosed cashier's checks in payment of the interest due on the supposed renewals. Whether Nelson actually sent these pretended renewals to Tyler is not clear. It is undisputed, however, that Tyler never received any of the "renewed" notes until 1921, and it is questionable if he received any such notes until 1926, when Tyler wrote Nelson, cashier, that he wanted the endorsement of T. A. Sydenstricker, another brother of E. W.

Sydenstricker, in addition to that of J. B. Sydenstricker, and that he wanted the "renewed" note. It was then that Nelson procured the note of April 28, 1926, which is involved in this suit and sent it to Tyler; but before the note matured, Nelson was removed from the Bank as cashier for irregularities committed by him. The note became due; it was presented and protested; Sydenstricker, who had no knowledge of Tyler's interest, refused to honor the note in the hands of Tyler; and this litigation followed.

The Bank had held no notes in the amount of $5,000.00 or in multiples thereof, signed by E. W. Sydenstricker as maker from August 29, 1918, to December, 1921; but E. W. Sydenstricker did execute three $5,000.00 notes in 1921, 1922 and 1923, respectively, two of which were later merged into a $10,000.00 note, and the Bank owned these notes when this suit was pending.

E. W. Sydenstricker and J. B. Sydenstricker admit the genuineness of their signatures as maker and payee endorser, respectively, on the note of April 28, 1926; but their recollection concerning the execution thereof is not definite. J. B. Sydenstricker testified that he did not know how he happened to sign it, or who handed him the note to sign; but he is certain that he signed the note at the Bank and he knew at the time that his brother had a $5,000.00 note in the Bank which he had endorsed previously. E. W. Sydenstricker could not recall the particulars of the signing of this note. However, he, a director of the Bank, relied upon Nelson to inform him when his notes matured because, as he expressed it, Nelson was more capable than he to keep his (Sydenstricker's) account. Nelson, cashier, did in some way obtain the note and sent it to Tyler. There is nothing on the Bank's records concerning the note of April 28, 1926.

It is quite apparent that this litigation is the result of the cashier's manipulations. He was the trusted officer of the bank. The Sydenstrickers had great confidence in him, for E. W. Sydenstricker said that he would not check up on his (Sydenstricker's) notes when Nelson handed him renewal notes to be signed, because he thought "Mr. Nelson was more capable of keeping my account than I was." Tyler, however,

was dealing with Nelson as cashier, and he said that he was advised by the Bank through its cashier that it had good customers to accommodate and if he (Tyler) had anything to loan, the cashier would be glad to place it with gilt-edged security, and on the strength of that letter his money was placed with the bank. . No doubt Tyler had confidence in Nelson who had been cashier of this substantial bank for many years. Nelson obtained the note in controversy from the Sydenstrickers as a bank debt. They had no knowledge whatever of Tyler's connection with the bank. Tyler relied upon the statements of the cashier that his note due August 18, 1918, was being regularly renewed, the discounts thereon being sent him regularly by cashier's check.

Who shall suffer? This is the question which is presented to a court of equity. Shall it be the Sydenstrickers, Tyler, or the Bank? Logically, the sufferer should be Nelson; but it appears that he cannot respond. Then of the three actors remaining, which shall suffer? The Bank had in its possession $5,000.00 of Tyler's money (it appears that Mrs. M. L. Tyler at no time had any dealings with the Bank), and yet has that money so far as this record shows. Through its cashier it obtained the note in controversy from the Sydenstrickers, they being under the impression that it was in the regular course of their dealings with, and obligations to, the Bank. With that note Nelson, cashier, paid to Tyler the debt the Bank owed to him by sending it to him and representing it to be a renewal of his original obligation from the Sydenstrickers. We think the evidence and circumstances justify the conclusion that the note so obtained by the cashier from the Sydenstrickers was in the course of their dealings with the Bank, and not as a new obligation. They, the Sydenstrickers, understood it as such, although they do not remember the occasion and circumstances of the execution of this particular note. Nelson was not a witness. The Bank could not have recovered against the Syndenstrickers on this note and also on the other note of like amount then held by it and signed by the same maker and endorser. A judgment on one would have extinguished the other. It would be immaterial to them which obligation they

paid. It is their duty to pay the $5,000.00 they owe, and it appears that they still owe the series of $5,000.00 notes, three in number, two of which have been merged into a $10,000.00 note. Unfortunately, the Bank is not a party, having been dismissed from the suit before the facts were fully developed and more than eight months before this appeal, and the whole matter cannot be here finally adjudicated and the liabilities of the Bank, if any, ascertained and fixed. The Bank, not being a party, cannot be bound on this appeal. It is argued that Tyler is not a holder in due course, and cannot recover because of the fraudulent procurement of the note by the cashier; but how can that fraud, if fraud it be, effect the payment of the Sydenstrickers of the $5,000.00 they owe the Bank? And how can they be prejudiced by payment to Tyler? One payment satisfies the law. It must be remembered that the parties are in equity, and the burden is on the complainants, the Sydenstrickers, to convince the chancellor that it would be inequitable for them to pay the note now held by Tyler. The learned trial chancellor was not so convinced by these facts, and we see no cogent reason for reversing his decree in that regard. What principle of equity governs the undisputed facts in this record? The Sydenstrickers by the confidence in Nelson, the cashier of the bank in which both were directors, executed to the bank what they thought, and what we may infer, was a renewal of a then existing note but did not require delivery of the original. They thus made it possible for the cashier to deliver that purported renewal note to Tyler who in good faith accepted it and relied upon it as a renewal of his primary obligation from the Sydenstrickers.

It is everywhere held that "where one of two innocent parties must suffer by the act of a third, the one, by his act has enabled such third person to cause the loss, must sustain it." *Bank v. Johns,* 22 W. Va. 520; *N. & W. Ry. Co. v. Perdue,* 40 W. Va. 422, 453, 21 S. E. 755, where it is said: "When one of two innocent persons—that is persons each guiltless of an intentional moral wrong—must suffer loss, it must be borne by that one of them who by his conduct, acts or omissions has rendered the injury possible." See *McCon-*

*nell v. Rowland,* 48 W. Va. 276, 37 S. E. 586; *International Fin. Corp.* v. *Peoples Bank,* 27 F. (2d.) 523, 528, affirmed in 30 F. (2d) 46, 48.

The substance of the decree will be affirmed. But the parties both agree upon cross-assignment of error that there should not have been a dismissal of the cause, but either a permanent injunction or judgment for defendant Tyler. And, as the equity is found to be for Tyler, the dismissal of the cause will be reversed, and a decretal judgment entered here for the amount of his note with interest from its due date, and costs in both courts.

*Decree affirmed in part; reversed in part; decree entered here.*