JAMES H. SHIPPER *v.* WM. W. DOWNEY, *Trustee, et al.*

(No. 8578)

Submitted January 18, 1938. Decided February 8, 1938.

592

M. M. Neely and J. O. Henson, for appellant.
A. H. Shipper, for appellee James H. Shipper.

RILEY, JUDGE:

This appeal is prosecuted by defendant, Wm. W. Downey, trustee, from a decretal judgment rendered against him in his individual capacity in the circuit court of Berkeley County. On a former appeal, from a like decree, this cause was remanded for further development. *Shipper* v. *Downey, trustee, et al.*, 117 W. Va. 65, 183 S. E. 871.

Certain real estate, situated in Berkeley County, conveyed by W. A. Kearns to Downey, trustee, to secure the Bank of Martinsburg, was, on January 30, 1926, sold under the trust for $4,900.00, one-third in cash and the

balance evidenced by notes, bearing interest at 6%, and payable in one and two years, respectively. The purchase money notes, having been endorsed by the trustee, were delivered, on February 5, 1926, to the Bank of Martinsburg, which discounted the same, and credited the trustee's account with the balance. This was in accordance with a custom which, for a number of years, existed between the bank and said trustee.

On February 15, 1926, W. A. Kearns, then indebted to the Merchants and Farmers Bank in the sum of $400.00, evidenced by a 90-day note executed by him on November 11, 1925, and endorsed by John Kearns, Katie Kearns and Dr. J. H. Shipper (the latter an accommodation endorser), assigned and set over to said Merchants and Farmers Bank "the balance that may remain from the sale of said real estate, after the payment of the said debt to the Bank of Martinsburg, the costs of advertising the sale, and the costs of sale, as collateral security, to secure the payment of the said note of $400.00, and to indemnify John Kearns, Kate Kearns and J. H. Shipper, as endorsers upon said note, or any renewal thereof," which assignment further authorized and directed Wm. W. Downey, trustee, who made sale of the said real estate to apply the proceeds of sale to the satisfaction of said note.

The assignment, though promptly recorded, was not properly indexed until two years later. A carbon copy thereof was shown to the trustee at the time of, or shortly after, its execution; but so far as the record reveals, notice of the execution of the assignment was not given to the Bank of Martinsburg, the beneficiary under the deed of trust.

Some months after the foregoing assignment, the Merchants and Farmers Bank obtained a judgment against the several parties to the $400.00 note. On January 28, 1928, Downey, trustee, paid over to the Merchants and Farmers Bank as balance from the deed of trust sale the sum of $153.64.

Downey, trustee, notwithstanding Code 1923, chapter 87, section 3, did not file his report until December 13, 1930. This report showed, among the disbursements,

commissions to trustee, $245.00; discount on deferred notes, $305.65; and credit on judgment in favor of Merchants and Farmers Bank, $153.64. And, in a separate paragraph, at end of the report, it was stated that interest on the two deferred payment notes amounting to $98.00 on the first and $182.24 on the second were inadvertently paid direct to the debtor by the Bank of Martinsburg, on January 31, 1927, and December 15, 1927, respectively, and did not pass through the hands of the trustee.

Early in 1932, Shipper being subrogated to the rights of the Merchants and Farmers Bank under the assignment, by reason of having paid the obligation, brought this suit against Downey, trustee, and others, to recover the difference between the sales price of the property and the trust obligation (less trustee commission). As appears in the former opinion, we held that, at the time the assignment was made, Kearns had no interest in the trustee's commission, and therefore Downey's delay in filing the report could not be interposed against him. This holding is the law of the case and will not be reopened on this appeal. *White* v. *Lazelle,* 99 W. Va. 109, 128 S. E. 303; *Pennington* v. *Gillaspie,* 66 W. Va. 643, 66 S. E. 1009; *Butler* v. *Thompson,* 52 W. Va. 311, 314, 43 S. E. 174; *Wick* v. *Dawson,* 48 W. Va. 469, 37 S. E. 639; *Seabright* v. *Seabright,* 33 W. Va. 152, 10 S. E. 265. Therefore, the liability, if any, on the remand, was narrowed to the $305.65 item, deducted as discount.

In the absence of a showing that previous to the assignment Kearns had consented to the bank's right to discount the purchase money notes, in exchange for interest subsequently to be collected from the maker of said notes, the trustee is held accountable for the full amount of the purchase money. 65 C. J. 647, sec. 519. Although it seems to have been a custom of the bank to discount notes in instances such as here presented, no one attempted to say that Kearns had notice of or agreed to such an arrangement. As a matter of fact Kearns specifically denies that he ever consented to or approved of the discounting of the notes. No provision therefor was included in the deed of trust. So, in the absence of

a showing of knowledge on the part of Kearns, and acquiescence, either express or implied, Downey would be held accountable to Shipper, under the assignment, for the amount deducted as discount. Had he advised the Bank of Martinsburg, it is quite apparent that the two interest payments by the purchaser would have been turned over to him and, except for a few dollars, would have reinstated the fund.

In the absence of notice of the assignment, the Bank of Martinsburg was fully justified in turning over to Kearns the interest collected from the maker of the notes. Shipper, being unaware that the notes had been discounted, had the right to assume that Downey would collect the full amount of the notes and would pay to him under the assignment the balance after deducting the costs of sale and balance of the deed of trust indebtedness. Downey clearly was not guilty of any wilful wrongdoing or moral turpitude, yet his action in permitting the discount of the notes to be deducted by the bank, in the absence of an agreement with Kearns, was clearly in contravention of his duties under the terms of the deed of trust. Had he not done so, Shipper himself, an innocent party, would not have incurred the loss of which he complains. Where one of two innocent parties must suffer, the one whose conduct caused the loss must suffer the burden. *Bluefield Nat. Bank* v. *Bernard,* 109 W. Va. 459, 155 S. E. 306; *Sydenstricker* v. *Tyler,* 108 W. Va. 471, 152 S. E. 318; *Lenhart* v. *Zents,* 50 W. Va. 86, 93, 40 S. E. 444; *Roberts* v. *Tavenner,* 48 W. Va. 632, 37 S. E. 576; *McConnell* v. *Rowland,* 48 W. Va. 276, 37 S. E. 586; *N. & W. Ry. Co.* v. *Perdue,* 40 W. Va. 442, 21 S. E. 755.

For the foregoing reasons, we are of the opinion that the findings of the trial chancellor are warranted by the evidence and should not be disturbed on this appeal. *Spradling* v. *Spradling,* 118 W. Va. 308, 190 S. E. 537; *Wade* v. *Wade,* 115 W. Va. 132, 174 S. E. 787; *First National Bank* v. *McCloud,* 112 W. Va. 537, 540, 165 S. E. 799; *Davis* v. *Trust Company,* 107 W. Va. 141, 147 S. E. 490.

596

The decree complained of is therefore affirmed.

*Affirmed.*