Holt Motors, Inc.

*v.*

Kenneth C. Casto, *etc., et al.*

(No. 10383)

Submitted September 11, 1951. Decided November 6, 1951.

*A. J. Lubliner, Burton, Shaffer & Griffith* and *Joseph C. Shaffer, Jr.,* for appellant.

*Richardson, Hudgins & Hancock,* for appellee.

RILEY, JUDGE:

Holt Motors, Inc., a corporation, filed its bill of complaint in the Circuit Court of Mercer County against Kenneth C. Casto, trading as Bluefield Trading Center, and Roscoe J. Thomas, praying, among other things, for an injunction restraining the defendant, Kenneth C. Casto, from removing from the State of West Virginia a certain

1949 Mercury automobile, which defendant, Thomas, had purchased from plaintiff on the basis of Thomas' check, later dishonored, in the amount of $2,475.00, covering the purchase of said automobile, which automobile was later sold for cash to the defendant Casto. The bill of complaint further prays that Casto be required to furnish a forthcoming bond, or that the Sheriff of Mercer County take possession of the automobile until such bond be given, or until the further order of the court; and that the defendant Casto be required to deliver the automobile to the plaintiff.

The defendant Casto filed his answer denying knowledge of any wrong on the part of the defendant Thomas, and alleging that he was a purchaser for value of the automobile without notice, and that he is the legal and lawful owner thereof. The defendant Casto further charges in his answer that the plaintiff was negligent and guilty of inequitable conduct, and, therefore, not entitled to the relief prayed for in the bill of complaint.

*Pendente lite* the circuit court on December 23, 1948, awarded plaintiff a temporary injunction, and ordered the Sheriff of Mercer County to take possession of the automobile until bond should be given or until the further order of the court. Pursuant to this decree the sheriff took possession of the automobile, and held the same until September 8, 1949, when the court decreed that plaintiff might take the automobile and sell the same upon the deposit of sixteen hundred dollars to be held in escrow, which was the value of the automobile at that time.

The defendant Thomas made no appearance in the suit, and service was had as to him only by order of publication.

At the conclusion of the evidence adduced on behalf of the plaintiff, the court overruled Casto's motions to dissolve the injunction, dismiss plaintiff's bill of complaint, and enter a decree on defendant's answer. After completion of all the evidence, the court, in the final

decree complained of, decreed that Holt Motors, Inc., was entitled to ownership of the automobile; that the defendant Casto was not a purchaser for value without notice; and that the plaintiff is entitled to recover the sum of sixteen hundred dollars held in escrow instead of the automobile and $769.95, as damages for the deterioration in value of the automobile.

The defendant Thomas, who lived in or near Pulaski, Virginia, having inquired of the defendant Casto, a dealer in used cars at Bluefield, West Virginia, whether the latter would buy a Mercury automobile, which Thomas told Casto he thought he could obtain at Pulaski, Virginia, Thomas, on the evening of December 9, 1948, after banking hours, went to plaintiff's place of business in Pulaski, where the plaintiff was engaged in the business of selling Mercury automobiles. There Thomas F. Holt, plaintiff's vice president, sold the Mercury automobile involved in this suit to the defendant Thomas for the sum of $2,475.00. This automobile was a used car, and had previously been sold by plaintiff to Mrs. Grace Martin Guthrie as a new car for $2,369.90.

Plaintiff's evidence shows that in November, 1948, prior to the sale of the automobile in question in this suit, the defendant, Roscoe J. Thomas, had acted as the agent of plaintiff corporation in the sale of an automobile to the defendant, Kenneth C. Casto.

Thomas purported to pay for the automobile by a check, which was returned unpaid by the bank, with the notation that Thomas had no account therein. On the basis of this check the plaintiff delivered the automobile to the defendant, Thomas, together with the certificate of title, which, according to plaintiff's evidence, was intended to completely assign the automobile to the defendant Thomas. The certificate of title, having been lost or stolen, was not available for examination at the time of the trial, so it became necessary to rely solely on oral evidence to determine the sufficiency of the certificate. On this question the evidence is in total con-

flict. According to plaintiff, the acknowledgment of the assignor, Holt Motors, Inc., was not notarized.

Casto alleges in his sworn answer that the certificate of title was properly acknowledged and executed by all parties, including the former owner, Mrs. Guthrie, and that the title "was likewise executed by Thomas Motor Sales by the defendant, Roscoe J. Thomas, and properly and duly and legally signed and acknowledged before a Notary Public in Mercer County".

Casto told the Virginia State Troopers that the title had been assigned to Holt Motors, Inc., and by that corporation assigned to Thomas, but upon being advised by the officers that title could not be assigned twice, he then told them that the name Holt Motors, Inc., did not appear on the certificate, and that it was assigned directly from the former owner, Mrs. Guthrie, to Thomas Motor Company. Later in August, 1949, Casto testified that title had been assigned by Mrs. Guthrie to Holt Motors, Inc.; that the latter then executed the second space on the back of the certificate, which provides for "Reassignment by Registered Dealer", but left the name of the person to whom the title was assigned blank; and that Thomas did not sign the certificate but merely endorsed Casto's check for the purchase of the automobile.

In Casto's brief it is stated that Casto paid Thomas twenty-one hundred dollars for the automobile, but his testimony shows that the purchase price was either $2,-150.00 or $2,200.00. After obtaining the car from Thomas, Casto sold it to one Smith, but, having been advised that there was some irregularity as to the title, Casto proceeded to recover the automobile from Smith, assigning in his answer as the reason therefor that the title had been lost, so that he was "unable to secure for that reason a new title * * * from the State of West Virginia, and * * * unable to deliver a good title to * * * Irvin H. Smith."

The evidence discloses that Thomas' check was returned unpaid, and that Isaac French Holt went to Casto,

who at that time was living at the Matz Hotel in Bluefield, in an endeavor to locate the automobile, but Casto refused to disclose its whereabouts. Later said Holt sought the aid of the Virginia State Police, the West Virginia Department of Public Safety, and the Bluefield Police Department. The officers went to the Matz Hotel, gained entrance to Casto's room with the aid of a pass key, and there he was questioned by the officers. Plaintiff's evidence does not show, and there is nothing in this record to indicate, that Casto was guilty of any actual fraud—in fact, as heretofore indicated, he paid Thomas the agreed purchase price of the automobile, and, if he had any question in his own mind, he would not have paid the sum of at least twenty-one hundred dollars for an automobile, the title to which was defective.

Initially, it must be observed that the defendant Thomas purchased the automobile in question from plaintiff, and the purported transfer of title was made in the Commonwealth of Virginia. Thus we have under consideration a contract, the formal validity of which is to be determined by the *lex loci celebrationis* of Virginia. *Hogue-Kellogg Co.* v. *Webster Canning Co.* (Va.), 22 F. 2d 384, cert. denied 277 U.S. 592, 48 S. Ct. 529, 72 L.ed. 1004; *Galloway* v. *Standard Fire Insurance Co.,* 45 W.Va. 237, 31 S. E. 969; 4 M. J., Conflict of Laws, Domicile and Residence, Sections 20 and 21; Minor Conflict of Laws, Section 172, pages 410 and 411.

Thomas, having obtained delivery of the automobile from Holt Motors, Inc., certainly with knowledge that he had no account at the bank upon which the check was drawn, negotiated the check with intent to defraud plaintiff. The check itself is a representation that at the time it was given Thomas had an account in the bank upon which it was drawn, with sufficient funds therein to meet payment thereof when presented. No express representation is necessary to render the transaction fraudulent as to plaintiff. Under the Code of Virginia, 1942, Anno., Section 4149 (44), "Any person who, with intent to de-

fraud, shall make or draw or utter or deliver any check * * *, upon any bank * * *, knowing, at the time of such making, drawing, uttering or delivering, that the maker or drawer has not sufficient funds in, or credit with, such bank * * *, for the payment of such check * * *, although no express representation is made in reference thereto, shall be guilty of larceny."

As the evidence is conflicting as to the condition of the certificate of title at the time it was delivered by Thomas to the defendant Casto, and the plaintiff having prevailed in the circuit court, we must take as true plaintiff's evidence to the effect that the title was irregular in that the signature of Holt Motors, Inc., to the assignment on the back thereof had not been notarized. What then is the effect of such irregularity?

The Holt Motors, Inc.,-Thomas contract having been made in the Commonwealth of Virginia, we must appraise that transaction in the light of the Virginia statutes governing transfers of title to motor vehicles. Code of Virginia, 1942, Anno., Section 2154 (74), provides, in part: "The owner of a motor vehicle, * * * transferring or assigning his title or interest thereto *shall endorse an assignment and warranty of title* upon the reverse side of the certificate of title of such motor vehicle * * * to the purchaser thereof, * * * *shall acknowledge* his signature thereto before a person authorized to administer oaths and *shall deliver* the certificate to the purchaser or transferee at the time of delivering the motor vehicle * * *." (Italics supplied).

Provisions contained in Acts of the Assembly of Virginia, 1926, Title II, Section 17, and the Code of Virginia, 1930, Anno., Section 2154 (39) r. (Section 17), similar to the provisions in the Code of Virginia, 1942, Anno., 2154 (74) have been construed in *Thomas* v. *Mullins,* 153 Va. 383, 149 S. E. 494, and *Sauls* v. *Thomas Andrews & Co.,* 163 Va. 407, 175 S. E. 760, as being mandatory. In the case of *Thomas* v. *Mullins, supra,* the Virginia Court said: "In order to complete the sale on his part, it is essential

that the seller conform to the statutory requirement by delivering to the buyer a proper assignment of title." And in the case of *Sauls* v. *Thomas Andrews & Co., supra,* the Court reiterated Mr. Justice Campbell's statement in the *Thomas* v. *Mullins* case, *supra,* and said: "Until this was done, the contract was executory."

It follows that, as a result of the transaction between Holt Motors, Inc., and Thomas, Thomas had no title to the automobile, and, having no title, he had nothing to transfer to Casto, notwithstanding the latter gave a valuable consideration for the automobile.

While the transaction between Holt Motors, Inc., and Thomas should be viewed in the light of the law of Virginia, the transaction between Thomas and Casto is governed by the law prevailing in this jurisdiction.

In *Richlands Brick Corp.* v. *Hurst Hardware Co.,* 80 W. Va. 476, pt. 1 syl., 92 S. E. 685, this Court held: "One who relies for protection upon the doctrine of *bona fide* purchaser must show that at the time of his purchase he paid a valuable consideration and how he paid it; and that he purchased with honest motives, upon the implicit belief in the validity of his vendor's claim of title, without notice actual or constructive of any outstanding adverse right of another, or immediate access to a source of knowledge which if pursued would have enabled him to ascertain the actual infirmity or lack of completeness of the title he acquired." And in *Ullman, Einstein & Co.* v. *Biddle Bros.,* 53 W. Va. 415, pt. 1 syl., 44 S. E. 280, this Court held: "In general no one can transfer a better title to a chattel than he himself has, even to a *bona fide* purchaser."

Casto testified that he had the certificate of title; that it was properly endorsed and acknowledged; that he had lost it—in any event he failed to produce it—so that oral evidence was adduced to show its condition. The evidence bearing on the condition of the certificate of title, being in conflict, it was within the province of the circuit court to find that Casto, though he paid Thomas a valuable consideration for the automobile, was not a purchaser for

value without notice. He accepted the certificate of title from Thomas, and before it was lost had possession of it. This certificate, being patently defective under the law of the state where the transfer to Thomas was made, he was bound to take notice of the law of that state governing the assignment of certificates of title to motor vehicles, and by the mere possession of the certificate itself, he is necessarily charged with notice of the patent defects in the written assignment on the back thereof.

The circuit court, having found that Casto was not a purchaser for value without notice, and this finding of fact not being clearly wrong or against the plain preponderance of the evidence, will not be disturbed on this appeal. *Bennett* v. *Smith,* 130 W. Va. 121, pt. 6 syl., 42 S. E. 2d 793; *Sutton* v. *Sutton,* 128 W. Va. 290, pt. 2 syl., 36 S. E. 2d 608; and *Shipper* v. *Downey,* 119 W. Va. 591, pt. 3 syl., 197 S. E. 355.

At this point we will refer briefly to defendant's position that plaintiff is not entitled to recover in this suit in equity, because plaintiff was guilty of inequitable conduct, or because by its conduct, acts or omissions it has rendered the injury possible. There is, in our opinion, no merit in this position because: (1) The circuit court by its final decree has sustained the plaintiff in its position that by the certificate of title which Holt Motors, Inc., gave to Thomas, there was an intention on the part of plaintiff to transfer full title to the defendant Thomas; and (2) the doctrine enunciated by this Court in the case of *Shipper* v. *Downey, supra,* pt. 2 syl., and *Norfolk & Western Railway Co.* v. *Perdue,* 40 W. Va. 442, 21 S. E. 755, stated in point 3 of the syllabus in the later case that: "When one of the two innocent persons—that is, persons each guiltless of an intentional moral wrong—must suffer a loss, it must be borne by that one of them who by his conduct, acts, or omissions has rendered the injury possible", has no application to the instant case, because Casto, as heretofore indicated and as decided by the Circuit Court of Mercer County, is not an innocent person.

It follows that the decree of the Circuit Court of Mercer County should be, and the same is hereby, affirmed.

*Affirmed.*