# CHARLESTON.

### VIRGINIA S. CRUMMETT v. M. M. CRUMMETT

### (No. 5737)

Submitted September 14, 1926.    Decided September 21, 1926.

1.  APPEAL AND ERROR—*Decree Based on Conflicting Depositions, Such That Different Minds and Different Judges Might Reasonably Reach Different Conclusions, Will Not be Reversed on Appeal, Though Appellate Court Might Have Rendered Different Decree Had it Acted in First Instance.*

    The first point in syllabus of *Ross* v. *McConnaughy*, 85 W. Va. 199, approved and aplied. (p. 154.)

    (Appeal and Error, 4 C. J. § 2870.)

2.  EQUITY—*Under Prayer for General Relief, Plaintiff May be Given Any Relief Not Inconsistent With Special Relief Prayer, Which Material Facts and Circumstances Put in Issue Will Sustain; No Relief Can be Granted Which is Entirely Distinct From, and Independent of, Relief Asked for.*

    Under a prayer for general relief, plaintiff may be decreed any relief which the material facts and circumstances put in issue by the bill will sustain; provided, always, the relief given is not inconsistent with the special relief prayed.

No relief. can be granted which is entirely distinct from and independent of the special relief asked for. (p. 156.)

(Equity, 21 C. J. §858.)

3. APPEAL AND ERROR—*Where Decree Has Been Prematurely Entered Before Development of Merits, and Evidence is Available by Which Issue May be Determined, and Which Was Not Introduced Under Misapprehension of Law, Appellate Court May Reverse and Remand Case.*

Where a decree has been prematurely entered before the merits of a vital issue have been fully developed, and it is apparent that evidence is available by which the issue may be equitably determined, and which was not introduced under a misapprehension of law, the appellate court may reverse and remand in order that substantial justice may be obtained. (p. 157.)

(Appeal and Error, 4 C. J. §3239.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

Appeal from Circuit Court, Randolph County.

Suit by Virginia S. Crummett against M. M. Crummett to compel conveyance of land. From a decree for defendant, plaintiff appeals.

*Affirmed in part; reversed in part; remanded.*

*H. G. Kump,* for appellant.

*E. L. Maxwell,* for appellee.

LIVELY, JUDGE:

This suit is one of several arising directly and indirectly out of the marriage relation between the parties hereto, who were married in 1892 and divorced *a mensa et thoro* on August 1, 1924. The husband, defendant herein (appellee), sued his wife, plaintiff herein (appellant), for divorce on the ground of desertion. She answered, and by cross-bill charged him with cruel and inhuman treatment and infidelity, and upon proof taken the court sustained the husband's contention and granted the prayer of his bill on August 1, 1924, reserving to each party their property rights with right to institute such suits at law or in equity therefor as they might be advised were proper. The husband had also prosecuted a suit against some man for alienation of his wife's affections. It further appears that the wife (presumably after the divorce

decree) had instituted a suit at law to recover monies which she claimed she had loaned her husband during coverture, and which sums form the basis of this suit.

The plaintiff's bill in this case is to compel defendant to deed to her a one-half interest in three parcels of land, one tract of 7 3/5 acres purchased in 1905 from Barnes, for $750.00; another containing about three acres purchased in 1906 from Marshall for $150.00; and another of 58 3/4 acres (less 23 acres afterwards deeded to Andrew Crummett by the parties hereto), purchased from Vandevender in 1919, for $2,300.00; on the theory and claim that she furnished at least one-half of the purchase money on the first two tracts, and about $750.00 on the Vandevender tract, out of her personal monies, with the understanding and agreement that the deeds therefor were to be made to plaintiff and defendant jointly. She charges that he procured the deeds to be made to himself without her knowledge and consent. The prayer is that he be compelled to account with her for the monies delivered to him by her for the purposes set forth; that he be compelled to deed her a one-half interest in the three tracts, and for general relief. Defendant demurred to the bill because multifarious, and the demurrer being overruled, answered, denying that any money of the wife ever was used in the purchase of the lands, except $85.00 which he borrowed from her in 1905 when he bought the Barnes tract, which sum he afterwards repaid to her; he denied that there was ever any understanding or agreement that she should ever have any interest whatever in the lands, and denies that the deeds were made to him without her knowledge; and avers that she had full knowledge that said deeds were made to him. He admits that he borrowed $600.00 from her in 1918 for which he gave her his note, which money he used in his grocery business, but denies that any of that money was used in the purchase of the Vandevender tract.

The parties went to proof, and upon the hearing the court found the evidence to be in favor of defendant, holding that the evidence failed to establish the creation of a resulting trust in her favor in the land, and that whatever money defendant had from plaintiff was in the way of loans and was

never intended to be otherwise than as loans by either of them; and dismissed the bill, by decree of October 8, 1925. This appeal is to that decree.

Plaintiff argues that the court was in error in decreeing that there was no trust and that she had no interest in the lands sued for. The evidence is in sharp conflict, and upon a review of it, we are not disposed to disturb the court's finding of fact. The litigants had been before him in other cases, and their credibility and the weight to be given to the evidence was within his province. We have uniformly held that a decree based upon conflicting evidence of doubtful and unsatisfactory character from which different minds might reach different results, will not be disturbed, although this court might have rendered a different decree had it first decided the case. *Ross* v. *McConnaughy*, 85 W. Va. 199. That principle applies here. So, the finding of the court that there was no express or resulting trust in the land in the wife's favor, but that the relation of debtor and creditor existed between them in these money transactions, will not be disturbed.

But was it error to dismiss the bill and deny plaintiff any relief for the money which she claims was due her?

Evidently the trial court took the view that the suit was for the purpose only of extracting from defendant a half interest in the lands and was not for the purpose of obtaining a money judgment as between debtor and creditor. An inspection of the bill discloses that the primary purpose was to secure to plaintiff a one-half interest in the land. She had filed a lis pendens against the land, which is set up in the bill. She prays for an accounting of the monies "for the purposes in this bill set forth". No money judgment is prayed for, but there is the usual prayer for general relief; and if she be entitled to a money judgment it can be granted only on the prayer for general relief. It may be observed that the sums which she claims to have loaned her husband to put in the Barnes land in 1905 and the Marshall land in 1906, and other sums, were flatly denied by the husband, and there is evidence sufficient to sustain the denial, if the court passed upon that contention. The court in its opinion found that there was no agreement that the money claimed to have been loaned at the

time the lands were purchased was to go into the purchases, and that any money furnished to pay on the lands subsequent to the time of the conveyances would not attach a trust to the lands, under the authority of *Watts* v. *Frith,* 79 W. Va. 89. But as to the $600.00 loan for which a note was given in 1918, the proceeds of which she claimed went on the initial payment for the Vandevender land purchased in 1919, with the understanding that she should have a one-half interest in that land, it does not clearly appear from defendant's evidence that this note has been fully repaid. He admits the loan was made, evidenced by a note from him to her, but denies that it was understood that she should ever have any interest whatsoever in the land. He claims that he has repaid that note by way of purchases made by her at the store, and that when she deserted him, for which desertion he obtained a divorce, she took and sold personal property belonging to him, more than sufficient to pay the balance of the note. How much she took out of the store and how much of the personalty she sold, or the value thereof, does not appear. The evidence of payment is not clear. No special inquiry seems to have been directed to the payment of this $600.00, except as it bore upon the main issue, namely, the express, or resulting trust, in the Vandevender land; for if the note had been paid the basis of her claim in the land would fall. If a money judgment as between creditor and debtor is justified by the pleadings, it was error to dismiss the bill.

It is argued by appellee's counsel in support of the decree, that plaintiff could not sue to establish an express trust or resulting trust in the lands and in the same bill ask for payment of money had and received by her husband, which she claimed he had used for her in the purchase of the lands for their joint benefit, because it would be uniting two different and distinct causes of action, and would render the bill multifarious. *Bean* v. *County Court,* 85 W. Va. 186; *Dudley* v. *Niswander,* 65 W. Va. 461; and *Cresap* v. *Brown,* 69 W. Va. 658, are relied upon to support that proposition.

We do not think the bill was bad on the ground of multifariousness, if it can be construed to be broad enough to pray for recovery of the money advanced, in the event of failure

to establish a trust in the lands. By multifariousness in a bill is meant the improperly joining in one bill of distinct and independent matters and thereby confounding them. Story Eq. P. Sec. 271. If several matters are joined in a bill against one defendant which are entirely distinct and unconnected with each other, and call for defenses wholly unconnected with each other, thus confusing the evidence and issues, the bill is bad for multifariousness. Carlin's Hogg's Eq. Proc. Sec. 152. "The rule against multifariousness is generally regarded as one of convenience. And where the matters contained in the bill are not wholly distinct and separate, and it is more convenient to litigate and dispose of them in one suit than in two or more, and this can be done without injustice to any one, the objection of multifariousness will be disregarded." Vol. 4 Cum. Sup. Ency. Dig. Va. & W. Va. Repts. page 835, citing *Johnson* v. *Sanger*, 49 W. Va. 405, and other cases. She is in a proper forum for the assertion of her money claim; and the existence of her alleged debts for loans is so intimately connected with the principal object of the suit, namely, a trust in the lands, also a matter of equity cognizance, dependent largely upon the same evidence, that we hold the bill is not subject to the charge of multifariousness. When the subject matter is single and all the parties directly interested in it, the objection to multifariousness will be generally overruled, though the bill is based on more than one ground of relief and raises more than one issue. *Sult* v. *Hochstetter Oil Co.*, 63 W. Va. 317.

But we revert to the main question before stated, can recovery for the loans be had under the prayer for general relief? That relief, if granted, would not be foreign to nor inconsistent with the special prayer. She is seeking to get the value of the money she turned over to him; and failing to get it in land, she is entitled to the return of the money if she makes out a case for that relief. It would be burdensome to require plaintiff to sue again in chancery to recover her alleged loan when that issue can be conveniently litigated in this suit without any prejudice of defendant's rights. It avoids another suit. Under the prayer for general relief, any relief may be given which the material facts and circum-

stances put in issue will sustain. *James* v. *Bird's Adm'r,* 8 Leigh (Va.) 510; *Bank* v. *Arthur,* 3 Grat. 173; *Hall* v. *Pierce,* 4 W. Va. 107. It must not be inconsistent with the relief specially prayed for. No relief can be given under the general prayer entirely distinct and independent of the special relief prayed. *Brown* v. *Wylie,* 2 W. Va. 502. See Carlin's Hogg's Eq. Proc. Sec. 110. We hold that the prayer for general relief coupled with the prayer for an ''accounting'' is sufficient to grant relief by way of a money judgment, if the evidence warrants it.

The evidence of payment of the $600.00 was not fully developed. Both the parties and the court seem to have proceeded on the theory that only one issue was involved, namely, the existence of the alleged trust in the lands. It being apparent that a fuller development of the case is necessary as to the payment of the $600.00 note, in order to administer equity, the cause will be remanded for that purpose, under the principles announced in *Laas* v. *Lubic,* 101 W. Va. 546; 133 S. E. 142; *Cook* v. *Lumber Co.,* 74 W. Va. 503; *Blue* v. *Blue,* 92 W. Va. 574; and *Grocery Co.* v. *Kinser,* 93 W. Va. 172.

The decree in so far only as it denies recovery for money alleged to be due on the $600.00 note given by defendant to plaintiff about the year 1918, will be reversed; the bill reinstated, and the cause remanded for further proof, with leave to plaintiff to amend the prayer of her bill if she be so advised.

*Affirmed in part; reversed in part; remanded.*