Luther KOONCE, Appellant,

v.

CITY OF MESQUITE, Appellee.

No. 7244.

Court of Civil Appeals of Texas.

Texarkana.

Jan. 17, 1961.

Allen Melton, George M. Elliott, Dallas, for appellant.

William W. Sweet, Jr., and Bowyer, Thomas, Crozier & Harris, Dallas, for appellee.

DAVIS, Justice.

Plaintiff-appellant, Luther Koonce, sued defendant-appellee, City of Mesquite, for damages for injuries he received when he slipped and fell while walking on and along a driveway in front of the fire and police station. He alleged that the fall was caused by the negligent operation of a water hydrant inside the building which permitted the water to flow out and across the sidewalk at a place where the elevation was sloped to permit vehicle traffic in and out of the building. He further alleged that the acts of the defendant City, through its agents, employees and servants, in allowing the water to run across a public walkway for a long time created a nuisance; that such nuisance endangered the safety

of all persons using such walkway; that the City failed to abate said nuisance; that the acts of omission or commission on the part of said City were the direct cause of appellant's injuries.

▮ The City filed a motion for summary judgment, and upon a hearing the motion was granted. Appellant has perfected his appeal and brings forward six points of error. Apparently, the trial court rendered judgment on the theory that the City was not liable for the injuries. This is raised by the first point of error. The other five points raised the question that there was a genuine issue of fact in the pleadings and affidavits, and that the appellant did not give notice of the accident as required by the City Charter. All of these points go to the evidence in the case except the first point. Since we have concluded that the case must be reversed and remanded, we will sustain the last five points on the ground that there are genuine issues of material facts raised in the pleadings and affidavits that will require a finding of fact in the trial of the case.

▮ By point 1 the appellant complains of the action of the trial court in sustaining the motion for summary judgment because appellee's employees and servants were acting within the scope of a governmental function. In view of the decision by the Supreme Court of Texas in City of Austin v. Daniels, 335 S.W.2d 753, 755, the City can be held liable for the injuries. In that case, some wet paint was placed on the sidewalk and Mrs. Daniels stepped on the paint, which apparently looked to be dry, and fell. In speaking of the liability of the City of Austin, Justice Greenhill said:

"On the other hand, the maintenance of streets is a proprietary function. Negligence in the performance of this function renders the city liable for resulting injuries. City of Houston v. Shilling, 1951, 150 Tex. 387, 240 S.W.2d 1010, 26 A.L.R.2d 935; City of Austin v. Schmedes, 1955, 154 Tex. 416, 279 S.W.2d 326, 52 A.L.R.2d 680. And the city is under a duty to maintain the streets in a reasonably safe condition. This function has likewise been classified as proprietary. City of Galveston v. Posnainsky, 1884, 62 Tex. 118."

We note that in the case four of the Justices dissented, but in their dissent, they agreed with the theory that keeping a street repaired and in a safe condition was necessary for a city to be relieved of liability. We find in the dissent by Justice Norvell the following:

"* * * This is not a case involving unrepaired holes in the street or breaks in paving surfaces. * * * In City of Port Arthur v. Wallace, 141 Tex. 201, 171 S.W.2d 480, the chugholes in the street were not placed therein by the city in the exercise of a governmental function. In Kling v. City of Austin, Tex.Civ.App., 62 S.W. 2d 689, an obstruction was erected and left standing in a driveway in violation of a duty to maintain safe and useable traffic ways. The obstruction was a fire plug and the furnishing of fire protection is a governmental function. However, this case can easily be reconciled with authoritative expressions of the law relating to the doctrine of nuisance. * * * Crow v. City of San Antonio, 157 Tex. 250, 301 S.W.2d 628, a street obstruction case, presents a similar situation. None of the Texas cases cited by the Court support the proposition that municipal immunity disappears when the governmental action taken renders a small portion of a city street slippery for a brief period of time."

The appellant will have to prove his cause of action, and the other facts which he alleged, but he is entitled to try his case and have findings of fact made by the court or a jury. The point is sustained.

The judgment of the trial court is reversed and remanded.