**Mrs. Ruby WALTON, a widow, Appellant,**

**v.**

**CITY OF HOUSTON, Appellee.**

**No. 4582.**

Court of Civil Appeals of Texas.

Waco.

Nov. 17, 1966.

Rehearing Denied Dec. 8, 1966.

Patterson, McDaniel, Moore & Browder, Bennett B. Patterson, Houston, for appellant.

William A. Olson, City Atty., City of Houston, Homer T. Bouldin, Trial Supervisor, Houston, for appellee.

## OPINION

TIREY, Justice.

Mrs. Walton, a widow, brought this action to restrain the City of Houston from the issuance, assignment, sale and transfer of certain paving certificates during the pendency of the suit and for judgment setting aside the assessments levied against her and her property in the city, by ordinance dated January 27, 1965, and prayed that the paving certificates issued or about to be issued be held null and void. On trial before the court, without a jury, the court found in favor of the city of Houston and entered a take-nothing judgment against Mrs. Walton, to which judgment she excepted and perfected her appeal to the Houston court, and the cause is here on transfer.

There was no request for findings of fact and conclusions of law, and none filed. Under the record all questions of law were expressly found in favor of the city. All questions of fact are impliedly found in favor of the city.

The judgment is assailed in what appellant contends constitutes 29 errors. Since the record is undisputed that the city made a contract with the State Highway Department to construct the paving in question,

and that the city paid therefor according to the contract price stipulated between it and the State Highway Department, and thereafter undertook to fix the proportionate part of the debt and lien against appellant and her property, we think the controlling question in this case is whether or not the city has followed the statutory requirements required of it to fix such debt and lien against appellant and her property.

■ As we understand this record, it is undisputed that the improvements made on the particular streets in question were not made by competitive bidders, and that the city paid the highway department as per its contract with it for such paving and thereafter undertook to fix a proper paving debt and lien against Mrs. Walton and her property. Under the foregoing undisputed factual situation appellant contends that the paving certificates issued or to be issued are not only irregular, but void, because the debt and paving liens were not fixed by competitive bidding. Citing Bush v. City of Denton, Tex.Civ.App., 284 S.W. 251, (w. ref.). See also Breath v. City of Galveston, 92 Tex. 454, 49 S.W. 575; Vilbig Brothers v. City of Dallas, 127 Tex. 563, 91 S.W.2d 336, 96 S.W.2d 229. We overrule this contention for reasons hereinafter stated.

■ The record here shows that the city, acting by and through its City Council, after much study and consideration by its Planning Commission, Department of Public Works and other employees, decided to construct or have constructed the public improvement, which included the subject matter before us. The record also shows that the required ordinances, motions, hearing and other proceedings providing for and relating to such project were duly passed and held as provided by law; that the city, for practical reasons, made a contract and agreement with the State of Texas and the Texas Highway Commission for the construction of such project; that as a result the State entered into a contract for certain construction, including the subject matter, with the Century Construction

Company; that such construction was completed and the City of Houston appropriated the sum of $171,800.00 for the construction of the city project. The record also reflects that the estimate letter submitted to the City Council estimated the cost of the improvements proposed to be assessed against the abutting property for the paving of Monroe Road from the Gulf Freeway to State Highway #3, was $41,000.00. (The evidence shows that Monroe Road is a street, and is within the corporate limits of the City of Houston). The City Council by ordinance closed the hearing and levied the assessments. As stated above, the total estimate costs for the Monroe Road project was $41,000.00, and of this amount the property owners were assessed the sum of $15,988.96, leaving the city to pay the balance of $25,011.04. This is shown by ordinance No. 64–1033, an ordinance which gives the estimated cost, and ordinance 65–141, which gives the actual assessments levied. (Appellant does not point out any irregularities as to the ordinances above referred to.) The city paid the state a total sum of $170,500.00 for the entire paving improvement project which the state had constructed for the City of Houston. Appellant contends that because the State of Texas, or the Texas Highway Department executed a contract with a contractor which included the paving project for the City of Houston, that it was illegal and, therefore, made invalid the paving assessment made by the city against the appellant and her property. This contention is overruled. See Article 1105b, Vernon's Ann.Tex.Civ.St.; also Glenn v. City of Arlington, (w. ref., n. r. e.) 365 S.W.2d 197, and cases there cited. The Arlington case cited is very similar to the factual situation here before us. The court in the Arlington case held in effect that since the City of Arlington was a Home Rule City, that it had jurisdiction to arrange and pay for the improvement of a portion of the state highway within its municipal boundaries and assess abutting property and owners for the cost thereof. That is the exact situation here before us, and we think the appellant has failed to point out any

irregularities of the city in its action in the matter here before us. See City of Big Spring v. Board of Control, 404 S.W.2d 810, (Sp.Ct.) 39 Texas Jurisprudence 2d, Municipal Corporations, Section 308, pages 638–639. Moreover, it is well settled that the building and maintenance of streets by a municipal corporation is a proprietary function. See Lebohm v. City of Galveston, 154 Tex. 192, 275 S.W.2d 951; City of Austin v. Daniels, 160 Tex. 628, 335 S.W.2d 753, 81 A.L.R.2d 1180; City of Houston v. Glover, (w. ref., n. r. e.), Tex.Civ.App., 355 S.W.2d 757. The same rule applies to sidewalks. See Koonce v. City of Mesquite, Tex.Civ.App., 343 S.W.2d 557. The rule followed by the Texas courts has been followed by the Supreme Court of West Virginia in Sturm v. City of St. Albans, 138 W.Va. 911, 78 S.E.2d 462.

There was testimony to the effect that Monroe Road was not a state highway, but a street in the City of Houston; that the construction of same was legally provided for and that same was completed, and that the city council had acted fairly and justly in all matters relevant to the improvements, and the court has impliedly so found. Evidence was also tendered to the effect that Mrs. Walton's abutting property was enhanced at least to the amount she and her property were assessed for such improvement, and the court has impliedly so found. There was evidence to the effect that the City Council acted in the utmost good faith in all proceedings, including the contract which it made with the state for such construction, and in passing the ordinance, and in conducting a hearing prior to such assessments being made, and in making such assessments, and the court has impliedly so found.

The foregoing views which we have expressed are supported by the City of Houston v. Blackbird, Tex., 394 S.W.2d 159, and cases there cited. It will be noted in the Blackbird case, our Supreme Court held in effect that the determination of whether the City Council acted arbitrarily in making findings and decisions with respect to find-

ing that the property owners and their properties would be benefited by the subject paving improvements or for a certain amount in money was a question of law, not a question of fact; and that such judicial review is not subject to de novo trial. It further held that the ordinance levying the assessment is valid. There is evidence to the effect that the city did not assess Mrs. Walton, or her property, the maximum which could have been assessed as provided by Article 1105b, V.A.T.S. The evidence is to the effect that the city paid more than 50% of the cost of the improvements, and more than 50% of the construction of the project which Mrs. Walton's property abutted. The evidence relating thereto shows the total cost was estimated to be $41,000.00 for the Monroe Road construction, and that the property owners were assessed $15,988.96, and the City of Houston paid $25,011.04. The record also shows that Mrs. Walton and her property were not assessed for the 180 feet from the bridge to Berry Gully, and one witness testified to the effect that this property had not been enhanced by the improvement. There is evidence that the city assessed in part Mrs. Walton and her abutting property as to its enhancement resulting from such improvement at $16.00 per lineal foot, except for 53.30 feet which was assessed at $5.60 per foot. Also one witness testified such property was enhanced more than $5.60 per foot. The evidence also shows that one other property owner had property abutting Monroe Street, and that his assessment was $16.00 per lineal foot, which was exactly the same as part of Mrs. Walton's property was assessed per lineal foot.

We think we should point out that Mrs. Walton testified at the trial that the only commercial use of any of her property at such location prior to the construction of Monroe Road was more than 35 years ago, and that at such time she leased a Gulf pumping plant one acre for a boosting station; that since Monroe Road was constructed she had made leases for filling stations, one to Humble, and one to Shell,

and a lease for a car wash; that such leases for the filling stations were for 15 years each, and that the lease for the car wash was for a period of five years, but she refused to answer the question as to the consideration paid for such leases; that she had promised Shell and Humble that she would not divulge such information. She did testify to the effect that she received $100.00 per month for the car wash lease.

We think the record here is ample to support the implied finding of the court that the abutting property of Mrs. Walton has been substantially enhanced due to the Monroe Road paving project. We find no evidence in the record to the effect that the Mayor or City Council of the City of Houston acted fraudulently, deceitfully, unreasonably or capriciously in such matters above referred to, and the court has impliedly so found.

We have carefully examined the ordinance dated January 27, 1965, which was passed by the City of Houston to fix the paving lien against Mrs. Walton's property and others, not necessary to detail here, a copy of which ordinance being attached to plaintiff's original petition on which she went to trial, and we see nothing irregular in the ordinance, and appellant does not point out in her brief any irregularities thereto or wherein it is deficient as such. The record is likewise undisputed that a hearing was had, and that Mrs. Walton and her counsel appeared at the hearing and she had an opportunity to give fully her testimony as to why the paving assessment should not be made against her property.

We have considered the evidence most carefully and we are of the view that the evidence tendered is sufficient to sustain the implied findings of the trial court that the city followed the regulations provided by statute in fixing this lien; that there was no fraud; no bad faith; that the city did not act fraudulently in finding that Mrs. Walton's property would be benefited by the paving improvements or in determining that she would be benefited in the amount it fixed for paving for each front foot thereof. Nor do we think the city acted arbitrarily in making the findings wherein it was authorized to levy and fix the debt and paving lien against Mrs. Walton's property for amounts stated therein.

Since we are of the view that the evidence is sufficient to sustain the implied findings of the trial court that the assessments made against Mrs. Walton and her property were not based on an arbitrary determination of the benefits she received thereon, such assessments must be permitted to stand. See City of Houston v. Blackbird, 394 S.W.2d 159, (Sp.Ct.).

Appellant, in what she designates as group 2 of her alleged errors, contends in effect that the levying of the assessments against her property, and the assessments for taxes thereon, was in disregard of the Constitution of the State of Texas. We overrule this contention. Since our Supreme Court has passed upon the statute providing for paving of the streets and distribution of the assessments necessary to pay for same, we think it is conclusive upon the Supreme Court of the United States. Our view is that such is the holding in Hibben v. Smith, 191 U.S. 310, 24 S.Ct. 88, 89, 90, 48 L.Ed. 195. See also Utley v. City of St. Petersburg, Fla., 292 U.S. 106, 54 S.Ct. 593, 78 L.Ed. 1155, rehearing denied, 292 U.S. 604, 54 S.Ct. 712, 78 L.Ed. 1466.

As we understand the rule, statutory notice by publication is sufficient and constitutes due process and personal notice is not essential. Wimberly v. Cowan Investment Corporation, U. S. Court of Appeals, 5th Circuit, 80 F.2d 452, 455; cert. denied 298 U.S. 654, 56 S.Ct. 674, 80 L.Ed. 1381.

As stated above, Mrs. Walton and her counsel were present at the hearing fixing the lien.

We have carefully considered each of the assignments of error made by appellant and

we are of the view that none present reversible error, and each is overruled.

The judgment of the trial court is affirmed.